### EZEKIEL DODGE *v.* NATHANIEL B. FAVOR & another.

No exception lies to the admission of evidence of a custom existing in a trade, without direct evidence that it was known to the opposite party, if the party offering it contends that he can prove, from all the evidence in the case, that it must have been known to him, and that question is argued and submitted to the jury under proper instructions in matter of law.

In an action to recover for the services of a minor son, there was evidence that the son began to work for the defendants against the father's wishes, and that he requested his son to tell the defendants that he claimed the son's wages, but that neither of these facts was known to the defendants; that the father knew that his son was in the defendants' employ, and never demanded his wages of them, did not offer to pay for his board, and furnished him with only inconsiderable sums of money. *Held,* that the plaintiff had no ground for exception, because the judge declined to instruct the jury that there was no evidence that he had waived his right to his son's wages, and that the law would not raise a presumption that the father had emancipated his son, or waived his right to his wages, against the father's positive declarations to the contrary.

ACTION OF CONTRACT against manufacturers in Lowell, to recover for the services of the plaintiff's minor son. At the trial in the court of common pleas in Middlesex at December term 1858, before *Sanger,* J., the plaintiff put in evidence the defendants' answers on oath to interrogatories propounded to them by the plaintiff, in which they admitted that they had employed the plaintiff's son from the 14th of April to the 24th of November 1857, and agreed to pay the son therefor sixty cents a day ; and rested his case.

The defendants offered to prove that it was customary, in all

the manufacturing establishments in Lowell, to pay their em-
ployees monthly. They did not offer to prove, by direct testi-
mony, that the plaintiff knew of this custom ; but contended
that they could satisfy the jury on the evidence in the case that
he did know of it; and it was so argued to the jury. This
testimony was objected to by the plaintiff, but the court admit-
ted it.

The plaintiff's son, being called as a witness by the defend-
ants, testified that he left the place in New Hampshire where
his father had put him at work, and went to work for the
defendants in Lowell on the 14th of April, without his father's
knowledge or consent; that his father was at work at Lowell,
and saw and conversed with him there on the 18th of April;
that on the 25th of April he told his father, when the defendants
were not present, that they wished him to work for them for
one year; that his father objected to his leaving his former
place; but then and once afterwards told him, if he remained
with the defendants, to tell them that they must make a bargain
with the plaintiff, and that he would not be bound by any bar-
gain made by them with his son, nor by any payments made
to the latter; but that he never communicated any part of
either conversation to them; that he never told his father that
the defendants had paid him, nor did his father know it, to his
knowledge; that his father, at his request, during the time he
worked for the defendants, gave him some small sums of money
to pay for board and clothes; that he did not pay to his father
any part of the money which he received from the defendants,
nor did his father ask him for it; that his father had never con-
sented to his receiving his wages from the defendants, or to
waive his right thereto, nor given him his time, nor allowed him
to contract or labor for himself; that he did not board with his
father, but that his father frequently came upon Sundays to the
place where he boarded. There was also evidence that the son
paid for his board and clothes, beyond the small sums received
from his father, with the money which he received from the
defendants; that the father made no offer to pay his board,
and did not object to his boarding where he did ; and that the

father was once in the defendants' shop in conversation with his son, when at work, but on this point there was conflicting evidence. The defendants were allowed, against the plaintiff's objection, to show that they had paid to the son his wages. There was no direct testimony that the plaintiff knew that the wages had been so paid; but the defendants contended, upon the evidence, that he knew it, and this matter was in dispute between the parties.

The plaintiff asked the court to rule that there was no evidence in the case that the plaintiff had emancipated his son, or given him his time, during the period that he worked for the defendants, or waived his right to recover for his son's services, either generally or in this particular case. But the court declined so to rule, and left the question whether the father had emancipated his son, or given him his time, or waived the right to recover for his services, to the jury, under instructions to which no exceptions were taken by the plaintiff.

The plaintiff asked the court to rule that the law would not raise a presumption that the father had given his son his time, or had waived his right to recover for his son's services, against the positive declaration of the father to the contrary, made in good faith at the time the services were rendered. But the judge said that the question whether the declaration and conduct of the father were in good faith was for the jury; and instructed the jury that it was for them to find, from all the evidence in the case, whether the father had emancipated his son, or given him his time during the period he had worked for the defendants, or waived his right to recover for his services, and that they must find for the plaintiff unless they were so satisfied, the burden of so satisfying them being on the defendants. The jury found a verdict for the defendants, and the plaintiff alleged exceptions.

*D. S. Richardson*, for the plaintiff. The evidence of the custom of other manufacturers was incompetent. Even if evidence of the defendants' custom had been offered, it would not bind the plaintiff. *Stevens* v. *Reeves*, 9 Pick. 198. If admissible at all, it could not be unless knowledge of it was brought home to the plaintiff, of which there was no evidence.

2. There was no evidence of any emancipation of the son, or giving him his time, or of any waiver of the plaintiff's right to his son's wages, or of his knowledge of any payment to the son, but there was express evidence to the contrary; and therefore there was no evidence on this part of the case, upon which the jury could find for the defendants. *Stiles* v. *Granville*, 6 Cush. 458.

3. The plaintiff was entitled to the instruction that the law would not raise a presumption that the father had given the son his time, or waived his right to the son's wages, against the positive declaration of the father to the contrary.

*A. R. Brown*, for the defendants.

MERRICK, J. 1. Upon the trial, the defendants were allowed to prove, against the plaintiff's objection, that it was customary in all the manufacturing establishments in the city of Lowell to make monthly payments of wages to the persons employed in them It is, no doubt, a general rule of law, that a custom, unless it be one which is ancient or of very common prevalence and well known in the community, cannot be availed of unless the knowledge of it is brought home to the party who is to be affected by it. *Stevens* v. *Reeves*, 9 Pick. 198. *Clayton* v. *Gregson*, 5 Ad. & El. 302. If, therefore, the defendants had not offered to show both the prevalence of the custom and the knowledge of it by the plaintiff, this objection to the proposed evidence should have been sustained; because, if not shown to have been known to him, they were not entitled to use it, against his will, to their advantage. In such case, testimony to prove the existence of the custom would have been inadmissible, for it would have been useless to hear evidence of which no legitimate use could be made. The defendants pre ferred no claim in opposition to this rule; but they contended that, upon the whole proof which would be produced on their part, it would appear, and the jury would be satisfied, that the plaintiff did have knowledge of the custom; and they therefore accompanied their offer to prove it with an offer to prove also that it was known and understood by the plaintiff. Upon this ground the evidence offered was competent, and therefore proper-

ly admitted ; and it appears from the bill of exceptions that this question of knowledge on the part of the plaintiff was argued and submitted to the jury. The instructions given to them by the court on the subject are not stated in the bill of exceptions ; but as no complaint is made of them, it is to be presumed that they were accurate and correct, under which the rights of both parties were undoubtedly protected.

2. The refusal of the presiding judge to rule, in conformity to the request of the plaintiff, that there was no evidence in the case tending to show that the plaintiff had emancipated his minor son, or had given him his time while he worked for defendants, or had waived the right to recover for his services in their employment, was certainly required, in view of the proofs which had been adduced and submitted to the jury. He knew that his son was in the service and employment of the defendants, earning wages, which he himself had not asked for or demanded; that he had supplied him with only very inconsiderable sums of money during that time, for the payment either of his board and clothing or other expenses ; and, if the jury should find that he also knew of the custom alleged by the defendants to exist, and of which they insisted that there was sufficient proof, it would seem to be very difficult to avoid the inference, or deny the conclusion, that he had given his time to his son, and consented that he should receive and appropriate to his own use the wages which he earned. But, at all events, the facts and circumstances which were in evidence had such a degree of significance as necessarily to preclude the court from determining, as upon a mere question of law, that there was nothing for the plaintiff to answer, and that the defendants had offered no evidence to rebut the *prima facie* case which he had made out.

3. The plaintiff has no just cause of complaint that the court did not rule at all upon his proposition, that the law would not raise a presumption, against his positive declaration to the contrary, made in good faith at the time when his son was in the defendants' employment, that he had waived his right to demand and recover to his own use the wages which had been

and which should be earned. There seems not to have been any proper occasion upon which to call for such ruling. It does not appear that the defendants insisted, or even suggested, that there was, or that they proposed to rely upon, any such presumption. On the contrary, they rested their defence, so far as can be seen from anything reported in the bill of exceptions, upon the ground, which they contended was fully established by the circumstantial evidence in the case, that the wages earned had been paid with his knowledge and consent and by his authority to his minor son. It was impossible therefore for the court to accede to the plaintiff's request upon this subject. The defendants had a right to insist that the whole issue, and every question of fact upon which they were to pass, should be determined by the jury upon all the evidence which had been laid before them. This was in substance, instead of that which was asked for by the plaintiff and properly refused by the court, the instruction given them. Under it they returned a verdict for the defendants; and we can find no reason, in any of the plaintiff's exceptions, why judgment should not be entered upon it.                    *Exceptions overruled.*